McBride *v.* Farmers' Bank of Salem.

No rate per cent can be fixed in a suit of this kind, and the statute authorizing an allowance is therefore not applicable to it. It is only applicable in a suit for money, or something having pecuniary value, upon which the rate allowed can be calculated.

The order appealed from must, therefore, be reversed with costs.

[NEW YORK GENERAL TERM, November 2, 1857. *Mitchell, Roosevelt* and *Peabody,* Justices.]

## McBride *vs.* The Farmers' Bank of Salem.

Where a bank receives, from another bank, promissory notes of third persons, for collection merely, which notes are subsequently paid by the makers, the bank so receiving the notes not parting with any property, giving any credit, relinquishing any security or assuming any burthen or responsibility on the faith of the notes, cannot retain the same, or their proceeds, as against the true owner, on account of a balance due to it from the bank transmitting such notes.

And it is immaterial whether the collecting bank, at the time of receiving the notes, supposed the same belonged to the transmitting bank, or not; provided no action has been taken or omitted on the strength of that belief, if entertained.

To justify the receiving bank in retaining the proceeds of the notes, a credit must have been given on the strength of the particular notes, or their proceeds.

MOTION for judgment on a verdict for the plaintiff, subject to the opinion of the court. The facts were, that the Farmers' and Mechanics' Bank of Hartford owned certain notes made by Paul & Pritchard, to the amount of about $1600, which they sent for collection to the Canal Bank of Cleveland, (Ohio,) and the latter sent them for the same purpose to the defendant, the Farmers' Bank of Salem, to whom they were duly paid by the makers. The letter enclosing the notes to the Bank of Salem stated that they were sent " for collection and credit" of the Canal Bank, and directed the cashier of the Bank of Salem to " remit exchange for them when paid, latter at current rates." Before the payment of them the Canal Bank of Cleveland failed and became insolvent, owing the defendants money, and the de-

fendants claimed to hold the proceeds of these notes on account of the debt due them from the Canal Bank of Cleveland. The Farmers' and Mechanics' Bank of Hartford assigned their claim to the money to the plaintiff, who brought this action for it.

*E. Terry*, for the plaintiff.

*F. F. Marbury*, for the defendants.

*By the Court*, PEABODY, J. The facts in this case which seem to us material being stated, and the others deemed immaterial being excluded, the case is easily decided. The transaction between the Farmers' and Mechanics' Bank and the Canal Bank of Cleveland was a transmission and delivery of the notes for collection merely, and the transaction between the Canal Bank and the defendants was a transmission and delivery for the purpose of collection merely. The notes were received and transmitted by the Canal Bank as agents of the Farmers' and Mechanics' Bank; and when the Bank of Salem received them they became the agents of the owners, whoever they might be. There is no controversy about the facts of these transactions. It is agreed on all hands that the notes were delivered in both cases for the purpose of collection merely. The Canal Bank had no right to the notes or their proceeds, as against the Farmers' and Mechanics' Bank. There is no pretense that it had. The Bank of Salem had no right to the notes or their proceeds, except as general creditors of the Canal Bank, and when it is recollected and conceded that the Canal Bank had no right or claim to them or their proceeds, it seems clear that the Bank of Salem could have none; and we might well stop here. But the defendant insists that having received those notes from the Canal Bank, its debtor, without any knowledge that they did not belong to it, it was authorized to treat them as the property of the Canal Bank. So it was, perhaps, until informed to the contrary; and if it had in ignorance of the fact done any thing, parted with any property, given any new or extended any old credit—in short, if it had been induced by the opinion that the Canal Bank owned them to do any thing by which it might sus-

McBride *v.* Farmers' Bank of Salem.

tain loss, it would perhaps be heard to say that to that extent it had claims greater than the Canal Bank had. But there is no pretense that the defendant ever parted with any thing, gave any credit, relinquished any security, or assumed any burthen or responsibility on the faith of those notes. The evidence is that it did not. There are cases in which a party acting under an erroneous impression in respect to the ownership of negotiable paper may acquire greater rights to it than the party with whom he deals, but these cases occur only when the party has been induced to do or omit some act on the strength of the erroneous impression, from which he may sustain loss, unless he is allowed to hold the parties to the truth of the appearances or representations by which he was induced to act or refrain. The first step towards establishing a right of this kind is to show that the party will be in danger of sustaining loss if he be not permitted to enjoy all the rights he fancied he was acquiring, and that such loss will arise from his being misled by appearances or representations. A bona fide holder of negotiable paper for value without notice of any defect in the title to, or the validity of it, is often protected against defenses to which the paper would have been subject in the hands of the person from whom he received it; but this is on the ground that he will otherwise be liable to suffer from the mistake or misapprehension; never unless there is at least a chance that he will so suffer. There is no pretense in this case that the defendant will be worse off if he pays the plaintiff the proceeds of these notes than it would have been if it had never had or seen them. The Canal Bank owed the defendant money when it received them. The debt is no larger now. No new credit was given afterwards, and no change was caused as to the rights or condition of the parties, by the receipt of these notes, or after the receipt of them and on the faith of them. It follows very naturally and certainly that the defendants can take no better or greater rights to them than their transferor had. But the defendant not only was not misled to any act by which it may suffer, but it was not led by any evidence on which they had a right to rely, to entertain even speculatively an erroneous

opinion as to the title of the Canal Bank. That bank never pretended to be, or acted as owner of the paper. There is no circumstance connected with the transaction calculated to lead to that opinion; and even if the defendant had subsequently given credit to the Canal Bank, it could not, under the circumstances, sustain any pretense that it had been misled into the act by an opinion, justified by any thing in the case, that the Canal Bank owned them. Moreover, it is not material if it did (indulging in conjectures and speculations as vague and unsupported by evidence as those in which natural persons sometimes indulge) suppose that the Canal Bank owned them; for the Canal Bank did not attempt or pretend to give the defendants any rights in, or title to, them; and the rights of the defendants to the notes would not have been greater than the Canal Bank attempted to give, even though the Canal Bank had had the power to give greater rights. The paper was sent to the defendants for collection merely, and if it had been owned by the Canal Bank, the defendants would not have acquired any other right to it than that of collecting it as the agent of the Canal Bank, and even this could have been withdrawn at any time.

The defendant has received money belonging to the Farmers' and Mechanics' Bank of Hartford. It must pay it over to the latter or its assignee. The plaintiff is the assignee and is entitled to recover it. Whether the defendant thought the notes belonged to the Farmers' and Mechanics' Bank or not, and if it did, whether it was authorized to think so from what occurred, are questions not necessary to be decided. No consequences have followed from such belief if it was entertained. No action has been taken or omitted on the strength of it; and the fact of its existence, unless it had some practical effect, is entirely unimportant.

The authorities cited on the argument, in opposition to this view, relate to cases where the party receiving the paper had reason to believe, and did believe, that it belonged to the party from whom he received it and had given some kind of credit on the strength of that opinion, and the question was whether the appearances or representations, by which the party had been

McBride *v.* Farmers' Bank of Salem.

misled, were such as would entitle him, by reason of the damage he would otherwise sustain, to hold the owner responsible for them. Neither the misrepresentations, or delusive appearances, nor the credit on the strength of them, appear to have occurred in this case. The case of *The Bank of the Metropolis* v. *The New England Bank,* reported 1 *Howard's S. C. R.,* and again 6 *Howard,* 212, was very much like this, and the decision in that case may not be in harmony with what we have said above. In that case the supreme court of the United States said that if the Bank of the Metropolis received the notes from the Commonwealth Bank under circumstances which authorized it to believe that they belonged to the latter, and had no notice to the contrary, and if between them balances were from time to time allowed to remain, to be met by the proceeds of paper deposited or expected to be transmitted in the usual course of business between them, then the Bank of the Metropolis was entitled to retain for the amount due on the settlement of the account. When it came before the same court again in 6 Howard, however, they added, that even under those circumstances the bank would not be entitled to retain it, unless credit was given to the Commonwealth Bank, or balances were suffered to remain in its hands to be met by the paper transmitted or expected to be transmitted in the usual course of dealings between the two. The language of this decision seems to look to a credit given upon the strength of the paper, and so far we agree with it; but it also seems to say that credit given, like a mere delay of collections, upon the strength of an expectation that such paper might in the course of business be transmitted for collection, would authorize the Bank of the Metropolis to retain the money against the real owner, and in this we do not concur with that learned court. That is not, we are satisfied, the law of this state. On the contrary, to justify the creditor bank in withholding, by the law of this state a credit must have been given on the strength of the particular paper in question or its proceeds.

The plaintiff is entitled to judgment on his verdict.

[NEW YORK GENERAL TERM, November 2, 1857. *Mitchell, Clerke* and *Peabody,* Justices.]