## ALBERT DOUGLAS

*vs.*

## THE FIRST NATIONAL BANK OF HASTINGS.

Referee's report set aside as not sustained by the evidence. W kept a deposit account with the defendant bank in the name of S, the bank supposing that the account belonged to S. The bank held an overdue and unpaid note against S, which had been taken by the bank before the account was opened. *Held*, that the bank was not authorized to charge up the note as a debit in said account, and thereby pay the note out of said account, without W's consent express or implied, or unless, misled by W's conduct, and believing the account to belong to S, the bank had suffered the note to remain uncollected, relying upon the deposit account for its payment, and, in consequence of such reliance, was prejudiced.

*Sec.* 72, *ch.* 60 *Pub. Stat.*, which required a defendant to set up as a counter claim any demand which he might have against his plaintiff, or be precluded from afterwards maintaining any action thereon, is not found in the General Statutes.

This action was brought in the district court for Dakota county and was tried by a referee, who reported as conclusions of fact:

That during the year 1866, one William K. Rogers, from time to time between May 11, and September 17, made certain money deposits in the defendant bank, which were credited by the bank on deposit account to Samuel Rogers, a brother of William K.; that the bank supposed that the money so deposited was the property of Samuel, whereas it was in fact the property of William; that the amount of the deposits in the ac-

count exceeded the lawful credits on behalf of the bank for money paid on the account by the sum of $5,061.60 ; that this balance remained due W. K. Rogers on the 8th May, 1868, on which day he demanded payment which was refused, and that on the next day he assigned said balance to plaintiff. That on the 14th August, 1865, Samuel Rogers made his note payable to the defendant, on which note there was due, on the 12th July, 1866, the sum of $5,061.60, principal and interest; that on the last named day the defendant charged up this amount as an item of debit in the said deposit account, and subsequently returned the note with other vouchers to W. K. Rogers; that a certain credit was given August, 1st 1866, in the account for the same amount, which credit was correct and proper, (so far as appears in this action,) but that William K. Rogers did not know of the entry of either of these items in the account until some time in the winter following; that the note was charged up in the account without the knowledge or consent of Wm. K. Rogers, and that the balance of $5,061.60 found to be due to Wm. K. Rogers grows out of the charging up of said note in the said account as above stated

As a conclusion of law the referee decided that the plaintiff was entitled to recover, and ordered judgment accordingly.

The principal witnesses at the trial were the plaintiff's assignor and the defendant's cashier, whose testimony was on several points in direct conflict. They agreed that a demand note for $5,061.60 was made to the bank on the 1st August, 1866, by Wm. K. Rogers as agent, and also as surety, for Samuel; but Wm. K. Rogers swore that this note was given merely as a substitute for the old note of Samuel Rogers before mentioned, while the cashier swore positively that this note was not a substitute for any other, but was discounted for Wm. K. Rogers, as Samuel's agent, and that the item of credit of August 1st, represented the proceeds of this note, credited in the account at the

Douglas v. The First National Bank of Hastings.

request of Wm. K. Rogers; and that the proceeds of this note were drawn out by checks of Samuel Rogers, signed by Wm. K. Rogers and Edward Vose as his agents.

In January, 1867, judgment by default was recovered against W K. Rogers by the bank on the note of August 1st.

A motion for a new trial was denied and the defendant appeals from the order denying such motion.

SMITH & VAN SLYKE, L. EMMETT and H. R. BIGELOW for Appellant.

SMITH & GILMAN, for Respondent.

*By the Court.*—BERRY J.—The referee's conclusion that there was due from the bank to Wm. K. Rogers a balance upon deposit account of $5,061.60, is based upon findings that the item of $5,061.60, entered July 12th, 1866, was improperly *debited,* and the item of $5,061.60, entered Aug. 1st, 1866, was properly *credited* to said Rogers.

In our judgment, there is no evidence in the case, which has a reasonable tendency to sustain the referee in arriving at this result. The testimony is flatly contradictory; but, upon any rational construction of it, we are entirely clear that *both* items should be allowed to stand in the account as entered, or that *both* should be rejected. In either case, the result would be that the account would be balanced and the bank owe nothing.

Much of the apparent difficulty in this case will disappear, if it be borne in mind that the real question to be solved is, not *how* the bank kept the deposit account, nor whether it was kept correctly and properly, but whether the bank was *in fact indebted* to Rogers. If the bank in fact owed Rogers nothing, the plaintiff has no cause of action, no matter how the bank kept its accounts.

Douglas v. The First National Bank of Hastings.

From the testimony returned, it appears that there were two theories as to the origin and nature of the two items referred to. one, disclosed in the testimony of W. K. Rogers, the other, in that of L. S. Follett, the bank's cashier.

Rogers' theory is, that the account belonged to himself; that the debit of $5,061.60 was an attempt upon the part of the bank to *pay*, out of his said account and without his consent, a note dated Aug. 14th, 1865, held by the bank against his brother, Samuel Rogers; that the credit of $5,061.60 represented a note dated Aug. 1st, 1866, and executed by himself for Samuel Rogers, as principal, and for himself as surety, which was given " to take the place of, and to evidence the same debt as," the former note; that there were, in fact, no proceeds from the latter note, and no authority given to pass the same to his (W. K. Rogers') credit. It is hardly necessary to say that, upon this theory, neither of the items was properly in the account.

Follett's theory is, that the account belonged to Samuel Rogers, or, if it did not, that the conduct of W. K. Rogers had been such as to authorize the bank to treat the account as belonging to Samuel Rogers; that, therefore, it was proper to debit in the account the amount of the note of Aug. 14th, which was overdue and unpaid, and thereby to *pay* the same; that the note of Aug. 1st, was a *discount* note, taken by the bank upon an application for a *loan* by Wm. K. Rogers, who requested the amount of the same to be placed to the credit of Samuel Rogers; that it was entirely independent of the note of Aug. 14th; that the credit of $5,061.60 represents the " proceeds" of the note of Aug. 1st, and that it was therefore a proper subject of credit in the account. Upon this theory both items were properly in the account.

As before observed, whichever of these theories is correct, the plaintiff cannot recover; since by one *both* items are permitted to stand in the account, and by the other *both* are rejected.

Douglas v. The First National Bank of Hastings.

Now, the testimony of every witness in the case goes to support one or the other of these theories; but the referee, as appears from his report, has framed a third theory.

He finds in substance and effect that the account was the property of Wm. K. Rogers; that the debit of $5,061.60, which represented the principal and interest of Samuel Rogers' note of Aug. 14th, was improperly charged in the account; and that the credit of $5,061.60 was "correct and proper, so far as appears in this action." What the origin of the credit item was, or what it represented, the referee does not find.

The referee's theory, as will be observed, is consistent with neither of the theories before spoken of, and therefore it is not supported by the testimony of any one of the witnesses in the case.

The referee must have found, in accordance with the testimony of Rogers and against the testimony of Follett, that the account belonged to Wm. K. Rogers, and that the debit was improperly entered in the account; and he must have found, in accordance with the testimony of Follett and against the testimony of Rogers, that the credit was properly entered in the account, because it represented, (as Follett testified,) the proceeds of a discount note, quite independent of the note of Aug. 14th, and did not, (as Rogers testified,) represent a note given simply "to take the place of and to evidence the same debt as" Samuel Rogers' note of Aug. 14th. As both Rogers and Follett claim to testify from *personal knowledge*, and of such matters, and in such manner, as to leave but little doubt that, if the testimony of either was false as to material facts, it was wilfully false, and as their testimony is the principal testimony in the case, it is apparent upon reflection that no theory can reasonably be sustained, which is based upon testimony of Rogers contradicted by Follett, and also, and as essentially, upon testimony of Follett, contradicted by Rogers. And yet there is no

other basis, in our judgment, upon which the referee's theory can rest.

For several reasons, and especially for the reason that the case will go back for a new trial, we deem it best to leave this branch of the case without further comment.

One or two questions of law were argued at bar, which it is expedient to consider with reference to a new trial.

The defendant urges that the bank, (as is found by the referee,) not being aware that the deposit account belonged to William K. Rogers, had the right to charge the note of Samuel Rogers as a debit in said account.

This note was made and matured several months before the deposit account was opened. It was not, then, taken by the bank with any reliance upon the deposit account as a fund from which it was to be paid, or by which it was to be secured, and as the deposit account is found to have been the property of William, the effect of charging the note of Samuel against it, (if the charge were allowed,) would be to divest William of his property in the account to the extent of the amount of the note This could not be done without the consent of William, express or implied, or unless the bank, misled by his conduct and believing the deposit account to be Samuel's, *carried* the note, and suffered it to remain uncollected, relying upon the deposit account for its payment, and, in consequence of such reliance, has been prejudiced. *Salters vs. Everett*, 20 *Wend.* 268; *Wilson vs. Smith*, 3 *How.* (*U. S.*) 769; *Bank of Metropolis vs. N. E. Bank*, 6 *How.* (*U. S.*) 212; *McBride vs. Farmer's Bank*, 25 *Barb.* 657.

Another point made on the oral argument on behalf of defendant was that William K. Rogers, and of course the plaintiff as his assignee, is precluded from maintaining this action, because the demand, which is the cause of action here, should have been interposed as a counter-claim in the action brought

against Rogers by the defendant in 1867, upon the note of August 1st.

The provisions of *sec. 72, ch.* 60, *Pub. Stat.*, which required such interposition, are not found in the General Statutes, and were not, therefore in force in 1867, when the action referred to was brought

Order denying a new trial reversed.