Tunis Ryerson and another v. Samuel D. Eldred and others; and Samuel D. Eldred v. Tunis Ryerson and another.

*Bill of review: Newly discovered evidence.* A bill of review on the ground of newly discovered evidence cannot be granted if the evidence is not material, or if the party had knowledge of its existence in season to have obtained it for use at an earlier stage in the cause.

RYERSON *v.* ELDRED.

*Parties claiming through general assignee:   Gross negligence.*   Parties claiming through a general assignee are bound to inquire of him, in case of a controversy, for any facts in his knowledge bearing upon it.   And a failure to do this is gross negligence.

*Collusion :   Fraud.*   The commencement of a suit by third parties, subsequent to the decree of this court, under circumstances indicating fraud and collusion, and an unauthorized use of the names of parties living and dead, for the purpose of affecting the present controversy, was disregarded in disposing of. this application.

*Heard October 24.   Decided October 26.*

Appeal in Chancery from Muskegon Circuit.

Motion for leave to file a bill of review.

The opinion contains a full statement of the case.   For prior proceedings in these cases, see *18 Mich., 12, 195 and 490.*

*D. Darwin Hughes,* for the motion.

*John T. Holmes, contra.*

PER CURIAM.

The application for leave to file a bill of review presents so nearly the same grounds relied on for obtaining a rehearing on a former motion in this case, that there is no occasion to do more than indicate in a very brief way the points involved.   Without going into detail it will suffice to state that the occasion of the original bill was to restrain Samuel D. Eldred from enforcing his claims as landlord against complainants as tenants holding over, and to quiet title against him.   The only important ground of controversy was that he was claiming a private title to property which he, with others, had assigned to Frederick S. Eldred for the benefit of creditors, and which complainants claimed to have purchased under the assignment.   His cross-bill was to establish his own title as against complainants, who claimed to own it as before suggested.

It will be seen, therefore, that the validity and operation of the assignment and of their title under it, as against Samuel D. Eldred, were the principal questions which com-

RYERSON *v.* ELDRED.

plainants themselves put in controversy, and that when they did so, Samuel D. Eldred had not only asserted his claims but had proceeded at law to enforce them as complainants' landlord.

It follows that all information, which reasonable diligence could have obtained, should have been sought at once, and that it was negligence to omit seeking for it. The newly discovered evidence and that claimed to have been lost by mistake of counsel all come under some one of the following heads.

1. Deeds were stipulated as admissible on the hearing, showing a chain of legal title in the assignee, but by mistake of counsel were not read in the supreme court. This might, under more accurate pleadings, have been a serious difficulty if the court had not been of opinion that the vesting of the legal title did not change the equitable rights of Samuel D. Eldred. This point was settled on the former application for rehearing. The same remark will apply to the suggestion concerning a mistake in the description, which we now hold, as we did then, is not made apparent to us.

2. Several matters are set up as showing a new discovery of facts tending to prove that the business was done, and accounts were kept and leases made, in the assignee's name after the assignment. The evidence in the original record shows that this was asserted to have been known personally to one of the complainants who had, as he testified, personal charge of the business and of the books for the assignee, and there was other evidence also bearing on it on both sides. It is not a newly discovered matter, and the parties knew then as well as now where to look for proofs. This whole course of business with the conflicting and explanatory proofs was fully considered.

3. There are several items of proof claimed to be derived from Frederick S. Eldred, the assignee, and said to

have been only recently discovered. As complainants claimed title through him, and there is no reason to suppose he would have suppressed any thing, it was inexcusable negligence not to seek information from him at an earlier day. He was the first person whom they should have consulted upon things which, if true, were especially within his knowledge.

4. There is nothing else of any special consequence presented,—unless something is supposed to be derivable from the fact that a bill has been filed (since the decree was made in this court), in the name of several asserted creditors, to enforce the assignment. We do not see any force in this,—even if there were not such indications as to show that there is something very suspicious about this late suit. The action of creditors who wait ten years to enforce their claims, and when an assignment has been decreed nugatory, first awake to diligence and seek to enforce it as valid, in a jurisdiction where the assignee does not reside, could not demand much attention in this independent proceeding. But when it appears from the record that several of them have had their names used without authority, and one of them had been dead some time before his name appeared as a living complainant, we should not be justified in assuming that such a case could properly receive any notice in this application.

It is only fair to the complainant in the cross-bill to say that while this motion must be denied chiefly on the ground that if the showing of new facts had been material there had been gross negligence in not bringing them into the case before, nevertheless they do not, under the circumstances, essentially change our impressions on the real merits of the controversy.

Motion denied, with costs.