## Charles W. Taylor v. Francis D. Boardman and others.

*Bill of review: Newly discovered evidence: Cumulative evidence: Negligence.* Leave to file a bill of review will not be granted on the ground of newly discovered evidence, where such evidence is merely cumulative, and is directed to a point to which the attention of the moving party must have been called at the first hearing, and where he ought then to have known as much as he now knows of the means of proving it. The failure to discover and introduce the alleged new evidence before the first hearing, was, in this case, culpable want of diligence.

*Heard October 15.     Decided October 16.*

Appeal in Chancery from Kent Circuit.

Application for leave to file a bill of review.

This was a bill filed by Charles W. Taylor against Francis D. Boardman, Barzillai Boardman, and William B. Ledyard, to quiet title to certain real estate described therein. The complainant claimed title under a sale upon an execution, issued on a judgment against the defendant, Francis D. Boardman. The defense was, 'that said Francis D. Boardman purchased the land in question with money furnished him by his father, defendant Barzillai Boardman, and that said Francis D. took the title in his own name; that he and his wife conveyed the same to Barzillai Boardman, in consideration of the money thus furnished for the purchase thereof, by deed, dated January 16, 1854, but which was not acknowledged until May 19, 1864, nor recorded until July 23, 1864; that in the meantime Francis D., at the request of his father, held the deed subject to the control of the latter, who requested him not to have it recorded, so that, in making sales, he could convey it without being to the trouble of sending deeds to the father, who resided in the state of New York, to be executed.

Evidence was given tending to show that the title set up by the defendants was fraudulent as against the complainant. The decree in the circuit court was for complainant, and the defendants appealed to this court, where the decree of the circuit court was affirmed.—See *Taylor v. Boardman,* *23 Mich.,* *317.*

The defendant, Barzillai Boardman, now presents this application for leave to file a bill of review, on the ground of newly discovered evidence. Affidavits in support of the application, and also counter affidavits, were read on the hearing.

*C. I. Walker,* for the application.

*M. J. Smiley, contra.*

PER CURIAM.

The newly discovered evidence is merely cumulative to that given in the original cause, and from the very nature of the cause itself, and the answer of the defendants, the fact of furnishing the money for the purchase of the land must necessarily have been brought to the attention of the petitioner; as this is the very ground set up by the answer, and was an affirmative fact, constituting said defendant's case, and the burden of proving it rested upon him. From the very nature of the case he ought to have known then as much as he now knows of the means of proving it; his son, Francis D., one of the defendants, gave evidence of it, and his counsel chose to rest the case upon that evidence.

Very clearly there could have been nothing in the nature of diligence in finding or producing the witnesses to the fact. The counsel for the petitioner virtually admits this, and places the case mainly upon the ground that petitioner has recently discovered evidence that his son,

Francis D., at the time the execution was levied on the property claimed by the petitioner, and through which complainant claimed, had sufficient other real estate upon which the sheriff might have levied. If such was the fact it is not a very important one. But if it were, the close and intimate relation existing between the father and son, the fact that the latter was the agent of the former, and was purposely allowed to appear on record as the owner of the land for a long period, when it is claimed to have belonged to the former, is sufficient to show a culpable want of diligence in introducing the proof of this fact in the original cause.

But the fact is by no means established by the evidence presented. The affidavit of the register of deeds that Francis D. appeared by certain recorded deeds, which he mentions, to be the owner of certain lands—without naming any grantor—when considered in connection with the counter affidavits, showing that by examinations of the records no real estate of Francis D. could be found, except tax-titles and such other real estate as was incumbered, should be regarded as of but little force, since it would be fully sustained if resting upon tax-titles merely, which, though such deeds are made *prima facie* evidence of title, are always liable to be invalidated by proof of irregularities, and are therefore of little value in satisfying an execution.

There is no ground upon which the petition could be granted which would not be of dangerous precedent in other cases, and tend to weaken confidence in judicial decrees.

The application must be denied, with costs.