PEOPLE EX REL. WILLIAM F. CLARK ET AL. v. CIRCUIT
JUDGE OF HURON CIRCUIT.

*Bill of Review.*

An order granting leave to file a bill of review cannot be made at
chambers or without notice.

A bill of review should recite the proceedings in the former case
and show that complainant has equities.

A bill cannot properly be sustained as a bill of review or a supple-
mental bill in the nature of a bill of review, which, though filed
more than five years after decree, does not show any perform-
ance of the decree by the party filing it, or any reason for the
long delay, even if equities might at some time have existed;
which, however, does not seem to have been the case here.

MANDAMUS.   Submitted January 9.   Decided January
14.   The facts are in the opinion.

*Geo. S. Engle* for the writ.

*John Atkinson* against.

COOLEY, J.   This is an application for a mandamus.
It appears that many years since, Frederick S. Ayres
and others filed their bill in the Huron circuit in
chancery for the specific performance by the defendants,
among whom were the relators in this case, of a contract
for the conveyance of lands, and that pending the suit
defendants were enjoined from cutting timber on the
lands.  In May, 1871, the court of chancery made decree
as prayed by complainants.   The decree assumed that
a portion of the price of the lands had not been paid
by complainants, and a reference was ordered to ascer-
tain the amount, and complainants were decreed to pay
the same after deducting their taxed costs.   Whether
the amount was ever determined we are not informed,
but it appears that the decree was duly enrolled, and
we hear of no further controversy until in September,

1876, when complainants petitioned the circuit judge at chambers for leave to file a supplemental bill in the nature of a bill of review. The reasons given for the application were, *first*, that complainants had recently discovered that defendants could not make a title to a part of the land embraced in the decree, and therefore it would be unjust to compel complainants to pay for the same; and *second*, that complainants had recently discovered that while the original suit was pending defendants cut timber on the lands in violation of the injunction. It is assumed in this application that complainants had never performed the decree on their part. The circuit judge made *ex parte* the order applied for, and the bill was filed. This is an application for mandamus to compel the circuit court in chancery to vacate the order so made by the circuit judge.

The order of the judge was plainly one that could not be made at chambers. Only the court on due notice is authorized to permit a bill of review to be filed. Chancery Rule 101. This disposes of the case, and the writ must issue as prayed.

It is proper to add, however, that complainants made out no case for a bill of review, and the bill filed is not properly what it purports to be. It simply recites the original bill and decree, and then adds that complainants have discovered that defendants cannot make a good title to some of the lands, and that they cut timber on the lands in defiance of the process of the court. The proceedings in the former case are not recited, and no particulars are given to show that complainants have equities. If the general averments in what is called a supplemental bill in the nature of a bill of review are correct, they show only a case of inexcusable negligence on the part of complainants in looking after their own business, and they show nothing more.

The other Justices concurred.