MERRITT A. THOMPSON v. ZADOK JARVIS: LILIAS I. DAVIS
v. JOHN CANFIELD: JAMES R. DART v. LEMUEL
WOODHOUSE: CHARLES ALVERSON
v. JAMES DENISON.

*Rehearing by the Supreme Court.*

Rehearing in the Supreme Court is denied if no new evidence requiring consideration has been found since the decision of the case.

MOTIONS for rehearing. Submitted and denied at the April Term.

PER CURIAM. In these cases nothing is suggested beyond what was considered by the court upon the original arguments, and the motions are therefore denied.

The court does not consider it to be its duty to spread out every reason which may have influenced its conclusions upon every question that arises in a case. Opinions must be reasonably brief, and if cases can be completely and properly disposed of within a moderate compass it is better that they should be. The court does not wish to be understood that arguments have necessarily been overlooked because they have not been noticed in the opinion. It is not wise or seemly to insert a discussion on all points that counsel choose to raise. It is questionable how far rehearing can be allowed on alleged mistakes of judgment in an appellate court, but they must generally be denied whether a possible authority exists or not to grant them, unless new evidence has been found since the decision of the case, of such a nature as to require consideration. The previous decisions of the court explain their general views on the subject of review and rehearing. *Hutchins v. Kimmell,* 31 Mich., 126; *Taylor v. Boardman,* 24 Mich., 287: 25 Mich., 527; *Ryerson v. Eldred,* 23 Mich., 537; *Adams v. Field,* 25 Mich., 16; *Case v. Case,* 26 Mich., 484; *Detroit Savings Bank v. Truesdail,* 38 Mich.,    ; *Wood v. Truax,* 39 Mich.,    ; *Vannetter v. Crossman,* 39 Mich.,    .