PHILIP MICKLE v. HIRAM MAXFIELD, AMOS GOULD ET AL.

*Bill of review—Practice.*

The enrollment of chancery proceedings is not invalidated by omitting bills of costs not theretofore taxed; such bills can be afterwards included among the enrolled papers.

Enforcement of a decree can be demanded only by those to whom it gives affirmative relief; on appeal they are the parties provided for by the appeal bond, and on a bill of review they cannot object that the decree was not performed.

A mere subsequent encumbrancer cannot, on appeal from a decree on a bill of review, raise a question as to the security to be given on obtaining leave to file the bill, nor object that it was not given earlier.

Where a foreclosure decree provides for the sale of land, there is no personal liability to be enforced against defendant until after it is sold and a deficiency reported.

Where a mortgage or other security is set forth and referred to in a bill in chancery, and made a ground of relief, it becomes a necessary part of the record, and if not denied in the answer it needs no formal proof.   Chancery Rule 56.

A foreclosure decree cannot be rendered without producing the securities or giving adequate reasons why they cannot be produced.

A bill of review lies where a foreclosure decree has been made contrary to the terms of the mortgage, and an application for the

correction of the error, made within a reasonable time, has been refused.

Subsequent encumbrancers take subject to any explicit provisions of a mortgage as to the order in which the property shall be sold, and that without reference to the considerations on which such preferences were agreed on.

Where a bill of review is filed there is no practice which authorizes rights which accrued after the the decree, to be introduced into the controversy except by some affirmative pleading in the shape of an original or supplemental bill bringing the new parties into court.

When a defendant in chancery is once lawfully impleaded, he cannot, by disposing of his interests, step out of the position of defendant, but he continues, usually for the purposes of the suit, to represent his original interests.

Where a defendant in foreclosure retains part of the property in suit, and is responsible on his covenants for other portions, he is interested in having the mortgage foreclosed according to its terms, and if it is not, he is a proper complainant in a bill to review the decree.

One who files a bill of review does not thereby lose any rights that he would have had on a rehearing; the only distinction is that a rehearing precedes and a bill of review follows enrollment. Neither remedy can be had without leave.

Costs are properly imposed against a subsequent encumbrancer who defends against a bill of review filed by a principal defendant, and maintains the supplemental litigation in opposition to the terms of a mortgage binding his lands.

Appeal from Saginaw.    Submitted October 30.    Decided November 29.

BILL OF REVIEW.    Defendant Gould appeals.

*Wisner & Draper* for complainant.    Errors of law which can be relieved by bill of review must be such as arise rather from obvious mistake or inadvertence appearing on the face of the decree, or at least of record, than of error in the judgment, *Caller v. Shields,* 2 S. & P. (Ala.), 417; and the bill, answer and other pleadings and proceedings aside from the evidence may be examined to determine whether there are any errors on the face of the decree, *Whiting v. U. S. Bank,* 13 Pet., 6; *Saum v. Stingley,* 3 Clark (Ia.), 514; Story's Eq. Pl., §

407; a mortgage referred to in the bill is part of the record, *Swetland v. Swetland*, 3 Mich., 482; 1 Dan. Ch. Pr., 372; and a bond and mortgage ·may be examined even if not a part of the record, but· only included in the commissioner's report, *Johnson v. Shepard*, 35 Mich., 115.

*Benton Hanchett* for defendant Maxfield. Where an erroneous decree has not been executed, the error may be corrected on bill of review, and the original decree as corrected will be directed to stand, *Forman v. Stickney*, 77 Ill., 579; *Mercer v. Stark*, 1 Am. & M. Ch., 479; *Debell v. Foxworthy*, 9 B. Mon., 228; 2 Dan. Ch. Pr. (4th ed.), 1580; Story's Eq. Pl., § 420.

*E. R. Hutchins* and *John Moore* for defendant Gould. The taxed bill of costs forms part of the enrollment of chancery proceedings, Comp. L., § 5094; *Thayer v. McGee*, 20 Mich., 195; leave to file a bill of review must be asked for before the time for appealing has expired, Chancery Rule 101; 2 Barb. Ch. Pr., 92; a bill of review cannot rest on a wrong decision of a question of fact, *Webb v. Pell*, 3 Paige, 368; nor on wrong inferences from evidence, *Young v. Henderson*, 4 Hayw., 189; *Wiser v. Blachly*, 2 Johns. Ch., 488; nor on the ground that the evidence did not support the decree, *Dougherty v. Morgan*, 6 Mon., 153; the evidence cannot be examined to see whether the facts were misunderstood, *Dexter v. Arnold*, 5 Mas., 303; 2 Barb. Ch. Pr., 90; *Evans v. Clement*, 14 Ill., 206.

CAMPBELL. C. J. This case comes up on appeal from a decree rendered upon a bill of review filed in pursuance of an order which was before us at the June term, 1878, under the title of *Maxfield v. Freeman et al.*, 39 Mich., 64. The questions in controversy, so far as now material, are as follows:

On February 14, 1872, a mortgage was made by Jared Freeman and wife and complainant and wife to defendant Hiram Maxfield for $2000, payable in five years, with interest semi-annually at the rate of ten per cent

per annum. This mortgage covered certain lands in town 9 north of range 2 east, belonging to Freeman, and certain other lands in town 10 north, ranges 2 and 3 east, belonging to complainant. The debt was an individual debt of Freeman, and complainant gave the mortgage on his lands and joined in the bond for Freeman's accommodation. The mortgage contained at the close of the power of sale, this provision: "The said lands in township nine (9) shall be first charged with the payment of said sum."

On the 10th of July, 1876, Maxfield filed his bill in the circuit court for the county of Saginaw to foreclose this mortgage, making parties as subsequent encumbrancers, Amos Gould and various others, all of whom are defendants to this bill of review. The bill referred to the mortgage in the usual way, and only set up such conditions as concerned complainant, making no express reference to the condition fixing the order of sale.

The bill was taken as confessed against all the defendants except Gould, who answered, setting up tax-titles on all the lands in town 9, and also purchases of the original title of Freeman of a portion. He also averred that the defendant Walter B. Mickle had purchased the other lands in town 9, and as part of the consideration had agreed to pay the entire mortgage. He claimed that the lands in town 10 should be sold first.

On the hearing under the original bill the complainant's proofs were confined to the bond and mortgage. Gould introduced no testimony except the deposition of the register of deeds swearing to the correctness of a certificate which he appended, purporting to show the state of the title of the lands in towns 9 and 10. This certificate stated that the lands in town 10 were still in the mortgagors. It showed title in Lorenzo Wallace of 40 acres, February 1, 1873; Amos Gould, 80 acres, May 27, 1872; and Walter B. Mickle of another part of the lands in town 9, obtained January 10, 1874, and later deeds of the other lands, part to Peter Foster in Decem-

ber, 1874, and to Gould in person and through mesne conveyances of the remainder, all of later dates. No copies of any of the deeds were put in, and there was no proof of tax-titles.

A decree was entered on the 14th day of May, 1877, which required the lands in town 10 to be sold first, and which also was to be without prejudice to Gould's rights derived from tax-sales, under which he was therein stated, without any evidence to that effect, to be in possession.

On the 13th of June, 1877, before the decree was enrolled, a petition for rehearing was filed, which was retained by the court until July 13, and then, for what reason we do not comprehend, was denied. Thereupon, inasmuch as the decree had been enrolled and the time for appealing from it was understood to have expired, a petition was filed for leave to file a bill of review. This petition was granted, and the bill was filed claiming error in not requiring the lands in town 9 to be sold first.

After the bill was filed (the order having been held by this court to be one which could not be appealed from) Gould moved to dismiss on various grounds, including one that the decree had not been performed, and that no security had been given, as required by Rule 101. The court allowed security to be given, and refused to dismiss. The security was ordered to pay complainant any deficiency arising upon sale.

Gould then put in an answer, taking issue on the allegations concerning the origin of the debt, and averring that by certain transactions with Walter Mickle, in which he claimed Philip Mickle was the real party in interest, they had bound themselves to pay the mortgage and lost any right of preference in the order of sale. He also undertook to deny that the proceedings had been enrolled. He also set up his tax-titles.

Gould was subsequently allowed to amend his answer by setting up that Philip Mickle had conveyed away his interest in the lands in town 10.

Testimony was allowed to be received, showing that Philip Mickle had sold a considerable portion of these lands and had given warranty deeds to most of the purchasers. There was also testimony upon the subject of arrangements making him bound to pay the mortgage, but we do not think that point made out by the proofs.

The decree was modified so as to require the property in town ten to be sold last instead of first. Gould appeals. Various objections are made bearing chiefly on questions of practice.

The objection that the proceedings were not enrolled is unfounded. It rests on the claim that certain costs had not been taxed, and the bills were not included in the enrollment. This might have been a good reason for having the bills subsequently included among the enrolled papers, but it could not undo the enrollment actually made.

The objection that the decree had not been performed is not applicable. Without deciding how far Rule 101 abrogates the old practice by substituting security for performance, it is enough in the present case to point out that under the decree as made there was nothing for Mickle to perform. Until the land should be sold and a deficiency reported, there was no personal liability which could be enforced against him. *Johnson v. Shepard,* 35 Mich., 115; *Howe v. Lemon,* 37 Mich., 164; *Gies v. Green,* ante, p. 107.

It is also very questionable how far any one but Maxfield, the complainant in the original bill, could set up any such defect if it existed. He is the only person to whom the decree gave affirmative relief, and the only one, therefore, who could demand its enforcement. If appealed from, he would very clearly have been the party to be provided for by the appeal bond. We have no doubt that Gould cannot raise the question concerning the security under Rule 101, nor object that the security was not given earlier.

Neither have we any doubt that the case is a proper one for a bill of review. Whatever may be the technical rule concerning testimony at large, as open to consideration on such a bill under the English practice, it is very clear in our opinion that a mortgage or other security which is set forth and referred to in the bill and made the ground of relief, is a necessary part of the record. It was not denied in the answer, and therefore needed no formal proof. Rule 56. By reference it was so far incorporated into the bill that a variance in the document itself from the description in the bill would not exclude it when produced and given in evidence. Story Eq. Pl., § 800 a; 1 Dan. Ch. Pr., 600. And it was held in *Weld v. Bonham*, 2 S. & S., 91, that such a document was so much a part of the bill that it could be looked into on demurrer. It has been held in the court of chancery and by this court repeatedly that there can be no decree without producing the securities or giving adequate reasons why they cannot be forthcoming. *Bailey v. Gould*, Walk. Ch., 478; *Young v. McKee*, 13 Mich., 552; *Bassett v. Hathaway*, 9 Mich., 28; *Hungerford v. Smith*, 34 Mich., 300.

The defendants in the original suit had a right to suppose that no decree would be made contrary to the terms of the mortgage, and the court was bound on the application of Mickle within a reasonable time to grant him leave to have this error rectified. To deny such an application would have been contrary to equity. *Scriven v. Hursh*, 39 Mich., 98; *Sheldon v. Hawes*, 15 Mich., 519; *Harris v. Deitrich*, 29 Mich., 366; *Johnson v. Shepard*, supra.

The record of the mortgage, showing the order in which the premises were to be sold, would remove any ground of hardship—if there could be any such ground taken under these circumstances—on the part of subsequent encumbrancers or purchasers. They took subject to this provision as part of the contract. And so long as the contract was thus explicit, nothing but a distinct

arrangement to the contrary could authorize any change to be made. It did not depend on implied equities, but upon express agreement, and it could not under such circumstances be important to know what considerations brought it about. It appears from the proofs that it was made because Mickle was an accommodation signer of the securities, but if the proof had failed on this point, it would not have altered the contract by which all parties were bound.

The testimony fails to show any agreement by Mickle to change the preferences. It is insisted, however, that the evidence shows that he has no interest in maintaining them, and therefore no right to complain of the decree. We do not think this is so.

It is to be borne in mind that although complainant in a bill of review his position in the decree both as made and as sought to be corrected is that of a defendant and not complainant. He is not in such a position that parting with all of his rights would put him out of the case, or abate the suit. And whatever may have been done with any of his interests, he is endeavoring to put the decree in the shape it should have been in if rightly decided on the proof and record. There is no practice, so far as we have discovered, which could introduce into the controversy any rights accruing after the decree, except by some affirmative pleading in the shape of a bill, original or supplemental, whereby the new parties should be brought before the court. It cannot generally be necessary to bring in new parties whenever a defendant parts with his interests, nor can he by disposing of them step out of the position of a defendant who when once lawfully impleaded must continue to be a defendant, and to represent usually for the purposes of the suit the interests he originally represented.

But in this case he retains a part of the property, and is responsible on his covenants for other portions, and those to whom he conveyed may fairly expect him to look to the decree in their behalf as well as in his

own. If he continues as a defendant at all, he is interested in having the mortgage foreclosed according to its terms, and the court is bound to adhere to them. As already remarked, the purposes which induced the preferred order of disposal are not important to be discussed, when the contract has expressed the agreement of all the parties to it.

As Mickle has not appealed from the decree made on the bill of review, and as Gould is the only appealing party, the only question is whether the decree has been altered in prejudice of his rights. We think that so far as Gould is concerned the alteration is a proper one, and in accordance with the terms of the mortgage. And inasmuch as the whole supplemental litigation has been maintained by him in opposition to the terms of the mortgage which bound his lands, we think costs were properly imposed against him.

We have considered the case in the light of the evidence introduced on behalf of Gould and in view of the issues he was allowed to raise by his answer. And it is therefore unnecessary for us to decide how far these issues were admissible, since they do not change the result.

But without discussing the practice at length, we deem it proper, in view of our own previous rulings on the subject, to suggest that in adopting the rules concerning bills of review and rehearings, which are much less liberal than the English practice in some respects, it has not been our understanding that a party loses any rights by filing a bill of review, that he would have had under the English practice on a rehearing. We have required leave to be granted in all cases, and we have held that the only distinction between the two is that one precedes and the other follows the enrollment. As an enrollment can always be had very shortly after the decree is entered, if we confine bills of review within narrower limits than rehearings, we should cut off in a very summary way substantial rights. Where relief is sought for error in

the proceedings, we see no reason why the rehearing should be any fuller before than after enrollment, if granted at all. The requirement that leave must be granted, and the settled practice forbidding rehearings without adequate reasons, are a sufficient safeguard against abuse. Under the English practice there were cases where it was a matter of course to open* decrees, and the time within which it could be done with leave— and sometimes without—was extended to twenty years and possibly longer. Where either is allowed on newly discovered evidence it stands necessarily on a somewhat different footing than where complaint is made of error confined to the case already made. In addition to the cases before cited it may be convenient to refer to some others, which although not precisely in point here, indicate the general views we have had occasion to express on similar questions. *Clark v. Huron County Circuit Judge*, 40 Mich., 166; *Thompson v. Jarvis*, 40 Mich., 526; *Ryerson v. Eldred*, 18 Mich., 490: 23 Mich., 538; *Taylor v. Boardman*, 24 Mich., 287: 25 Mich., 527; *Case v. Case*, 26 Mich., 495; *Adams v. Field*, 25 Mich., 16; *Moote v. Scriven*, 33 Mich., 500; *Brewer v. Dodge*, 28 Mich., 359; *Maynard v. Pereault*, 30 Mich., 160.

We think that no practice should prevail which will deprive courts of equity of any of the facilities for doing justice which they formerly had; and by placing all these revisory proceedings on the same substantial footing, there is less danger of sacrificing right to technicality.

We think the decree should be affirmed with costs.

The other Justices concurred.