## SMITH *v.* SMITH.

BILL OF REVIEW — EQUITY — LEAVE TO FILE — DISCRETION OF COURT.

A bill of review must show substantial equities, and the discretion of the court in denying leave to file such a bill will not be controlled where the court finds that the decree complained of was entered by consent.

Appeal from Montcalm; Perkins, J., presiding. Submitted December 8, 1905. (Docket No. 181.) Decided December 22, 1905.

Bill by Mary A. Smith against C. Newton Smith, Charles N. Smith, and Cleo A. Smith for a divorce and to set aside certain deeds. There was a decree for complainant: On petition of defendants for leave to file a bill of review. From an order denying the petition, defendants appeal. Affirmed.

*N. O. Griswold,* for complainant.

*V. H. & L. W. Smith,* for defendants.

HOOKER, J. The complainant filed a bill for divorce against her husband, C. Newton Smith, on July 1, 1899; he only being made defendant. Subsequently she filed an amended bill, making parties the other defendants, infant children of C. Newton Smith. This bill alleged an effort by her husband to defraud complainant by ostensibly conveying to his said children, prior to his marriage to complainant, property which he then had, without her knowledge. It contained a prayer that this property might be decreed to be his property, and subject to provisions for her maintenance, etc. The infants answered by a guardian ad litem, and the cause was heard. On July 13, 1901, the court made a decree granting complainant a di-

vorce, with costs and $1,000 alimony, the same to be a lien on property described in the decree, which was determined to have been conveyed by or at the instance of C. Newton Smith to said infants without consideration, and that they had no right to the same, except by the voluntary gift of their said father, and a deed from him to them of a portion of said premises, viz., lot 2, etc., was set aside. Leave was given in the decree to the complainant to apply for process against C. Newton Smith, and for the appointment of a receiver, and for sequestration of his property and the rents, uses, and profits thereof, and for such aid in enforcing this decree as she might be advised. On August 23, 1902, complainant filed a petition, asking that C. Newton Smith be required to show cause why he should not be adjudged guilty of contempt for not performing the decree, and that a receiver be appointed to take charge of the property of C. Newton Smith for the purpose of enforcing complainant's lien. There was also a prayer for such further or other relief as to the court should seem meet. An order was made and served on C. Newton Smith. It does not appear to have been served upon the infants. On September 10, 1902, an order was made reciting the service of the order to show cause upon C. Newton Smith, "and the parties to said suit being all present before the court by their respective attorneys," the reading of C. Newton Smith's answer to the petition, the arguments of counsel, etc., and adjudging and decreeing that lot 2, etc. (fully described), was the sole property of C. Newton Smith, and his deed of the same absolutely void as against complainant's claim for alimony, and that he execute and deliver to her within 30 days a deed of the same in fee, the same to operate as a satisfaction of the former decree, and that a writ of assistance might issue.

This proceeding arises upon a petition filed by all of the defendants; the guardian ad litem acting for the infants. It was verified in December, 1904. This petition was followed by an affidavit, made by complainant's solicitor,

which states that after the filing of the supplemental decree the cause was enrolled, and, no appeal having been taken from said decree, a writ of assistance was issued, and the complainant was put in possession by the sheriff as commanded, and as shown by his return; that afterwards an arrangement was made by which the premises were leased to C. Newton Smith and Charles N. Smith, Jr., by a written instrument; that upon the execution of the lease by complainant, through her attorney, defendants paid to affiant, for complainant, $12 for one month's rent of said premises, and that thereafter, for the period of a year, affiant received every month a remittance of $12, being the rent reserved and due under said lease, the same being sometimes accompanied by a letter from one and sometimes from the other of the lessees; that at the expiration of the term provided in the lease defendants refused to deliver up the premises according to the terms of the lease, and complainant instituted summary proceedings, which were removed to the circuit court by appeal, upon the hearing of which a special finding was filed, and a judgment entered in favor of complainant. A certified transcript of this judgment appears in the record. The filing of this affidavit was followed by an affidavit made by Vernon H. Smith, counsel for defendants, stating that he has investigated the files in the cause, that he is informed and believes that the writ of assistance was never executed, and that defendants were never put out of possession, the return of the officer to the contrary notwithstanding; that the lease in question was a lease between N. O. Griswold, as attorney for complainant, and Charles N. Smith; and that it was not claimed that C. Newton Smith was a party to the lease, unless the guaranty on the back thereof made him such. The guaranty was as follows:

"I hereby approve of the above lease, and guarantee the faithful performance thereof by Charles N. Smith.
[Signed]        "C. N. SMITH."

It further admits the summary proceedings, but expresses the belief that the judgment was wrong, and that

C. Newton Smith denies that he signed the guaranty, and claims that these proceedings are not material to this application. The matter was submitted to the circuit court and the application was denied.

This application was heard before Judge Perkins, who heard the divorce case and made all of the orders and decrees therein. He has filed an opinion giving reasons for denying the application, in which he shows that the alleged interests of the infants in the land were settled against them by the setting aside of the deed, adjudged in the first decree, and states that the later decree was made to enable the parties to carry out the terms of an agreed settlement under which it was made, being signed by their consent and approval. In view of this finding of facts by the circuit judge, we do not feel called upon to discuss the questions raised by the counsel for the petitioner. If there were irregularities in the equity proceeding, an appeal would have corrected them, and if not, and there would otherwise be meritorious reasons for granting this application, they vanish before the light afforded by the history of the proceedings. The want of equity in the application is clearly shown. A bill of review must show substantial equities. *Clark* v. *Huron Circuit Judge*, 40 Mich. 166.

Leave is discretionary, and the discretion is to be exercised so as to effectuate substantial justice. *Stockley* v. *Stockley*, 93 Mich. 307–314; *Farmers' Bank of Grass Lake* v. *Quick*, 71 Mich. 537; *Vaughan* v. *Black*, 63 Mich. 215; 3 Enc. Pl. & Prac. 572, 588.

The order of the circuit court is affirmed, with costs.

MOORE, C. J., and CARPENTER, McALVAY, GRANT, and BLAIR, JJ., concurred.