GEORGE E. GREENE, Appellant, v. G. S. NEWBERRY, George
P. Collins, and Allen R. Hall, as Sheriff of the County of Foster,
and State of North Dakota, Respondents.

(215 N. W. 273.)

**Mortgages — written bid — foreclosure sale.**

1. Following Bailey v. Hendrickson, 25 N. D. 500, it is held that a direction
in writing, by the attorneys for a mortgagee, to the sheriff, to bid a specified
amount for the premises on foreclosure by advertisement, is in legal effect a
written bid authorizing the sheriff to strike it off to the mortgagee if no
better bid is received.

**Mortgages — half section of land constituting distinct farm may be sold as
one tract.**

2. Where mortgaged premises consist of a half section of land, constituting
one distinct farm or tract, and described in the mortgage as one tract, such half
section tract may be sold as a whole without violating § 8082, Comp. Laws
1913, which provides that if mortgaged premises consist of distinct farms,
tracts, or lots, they must be sold separately.

**Mortgages — on foreclosure sale farm of 320 acres may be sold as one tract.**

3. Said § 8082, Comp. Laws 1913, applies only where mortgaged premises
in fact consist of distinct farms, tracts, or lots; and such statute does not
contemplate that one distinct farm of 320 acres shall be offered for sale in
subdivisions of 40 acres each.

**Mortgages — ignoring written bid error — person submitting written bid
which is best bid received may compel issuing of certificate to him.**

4. In the instant case the owner of the mortgage, upon foreclosure sale by
advertisement, submitted a written bid in the sum of $6,747.80 for the half
section tract described in the mortgage, which bid was the full amount secured
by the mortgage together with costs of foreclosure. The sheriff ignored such
bid and offered the premises for sale in 40-acre tracts and received and ac-
cepted a bid of $100 for each 40-acre tract or $800 in all. It is *held* that
such sale is invalid and that the certificate issued should be set aside upon
the seasonable application of the holder of the mortgage.

Opinion filed Sept. 28, 1927.

Mortgages, 41 C. J. § 1421 p. 973 n. 97 , 98, 99, 6; § 1422 p. 975 n. 27; § 1436 p.
984 n. 95; § 1489 p. 1024 n. 59.

From a judgment of the District Court of Foster County, *Pugh,* Special J., plaintiff appeals.

Reversed.

*G. Olgeirson, Hyland & Foster* and *R. G. Patton,* for appellant.

A court of equity, in exercise of its equitable powers, will scrutinize with care a sale made under power of sale contained in the mortgage; and, where there is great inadequacy of consideration, it will be astute in extracting from the facts of the case sufficient to justify annulling the sale. Stacy v. Smith, 9 S. D. 137, 68 N. W. 198.

Where there was a dispute as to who was the highest bidder at the sale, and the property was not put up for sale again, resulting in inadequacy of price, the sale should be set aside. Lawyers' Co.-op. Pub. Co. v. Bennett, 34 Fla. 302, 16 So. 185.

Where property is described in the mortgage as a single tract, it may be properly sold as a single tract in proceedings to foreclose unless the court directs a different method of procedure. Thomas v. Thomas, 44 Mont. 102, 110 Pac. 283; Filed v. Brokaw, 159 Ill. 560, 42 N. E. 677.

It has been held that it is the title of the debtor himself as fixed by his deed, which determines whether the property shall be considered as one lot or as several for the purpose of an execution sale. 23 C. J. 633.

*R. C. Morton, James Morris,* and *Divet, Shure, Holt, Frame, Murphy, & Thorp,* for respondents.

"The statute is mandatory in terms, and makes no exceptions in cases where no bids are received for separate tracts or government subdivisions. The mortgagee or judgment creditor has the privilege of bidding at the sale, therefore there cannot be a failure to sell for want of bidders. The judgment creditor's right is to have the property sold for enough to pay his debt." Fineup v. Kleinman (S. D.) 172 N. W. 805.

"In the absence of any evidence to the contrary, it must be presumed that, on a judicial sale of so much of a tract of 42 acres as was necessary to satisfy a lien against it, the land was divisible." Burks v. Lane Lumber Co. (Ky.) 89 S. W. 686.

"It must be remembered that with reference to subdividing a large tract into parcels, the officer may exercise his discretion, and when he

has honestly done so, his judgment must be regarded as conclusive. Freeman, Executions, § 295; 23 C. J. 632, 633 and notes; 8 Am. & Eng. Cas. 743.

"An auction is a public competitive sale at which it is a part·of the auctioneer's engagement to invite and to excite competition of bidding, and dispose of the property to the highest bidder." Crandall v. State, 28 Ohio St. 479.

"A court of equity justly scrutinizes the conduct of a party placed by law in a position where he possesses the power to sacrifice the interests of another in a manner which may defy detection." Hedlin v. Lee, 21 N. D. 495.

"Where separate parcels are offered for sale separately at a foreclosure sale and no bid is made, the property may be sold in one parcel." Betchell v. Weir, 93 Pac. 75.

"A bona fide grantee for value from a purchaser at a judicial sale is not affected by irregularities, mistakes or fraud of which he did not have notice, although as to the grantor the sale might have been set aside." 35 C. J. 94 and cases cited.

CHRISTIANSON, J. The controversy before us grew out of the foreclosure of a real estate mortgage by advertisement. The material and undisputed facts are as follows:

In November, 1919, one Alfred Berglund was the owner in fee simple of the south one half of section 26, township 147, north, of range 65, west, in Foster county in this state. On November 19, 1919, he, together with his wife, executed and delivered to the Union Investment Company a real estate mortgage upon said half section of land to secure the payment of a note for $6,000. The note and mortgage were thereafter duly assigned by the Union Investment Company to the plaintiff, Greene, by a written assignment which was duly recorded in the office of the register of deeds in said Foster county on or about December 18, 1919. The mortgage contained the following provision:

"In case default shall be made . . . the mortgagee, his successors or assigns is hereby authorized . . . to foreclose this mortgage, to sell the land at public auction as one farm or tract or otherwise and to convey the same to the purchaser in fee simple according to the statute in such case made and provided."

On December 2, 1921, Alfred Berglund and his wife conveyed the southwest quarter of said section 26 to one Mangnie Bronaugh and the southeast quarter of said section to Henrietta Berglund. Each of the deeds·recites that the deed is made as a gift and that no valuable consideration passed between the parties. The two deeds were recorded in the office of the register of deeds of Foster county in January, 1922.

Default was made in the conditions of the mortgage and the plaintiff Greene employed one G. Olgeirson, an attorney of Bismarck, N. Dakota, to foreclose the mortgage by advertisement. The notice of foreclosure sale was duly published, the sale being advertised to be held on August 2, 1924 at 2 o'clock P. M.; at which time there was due on the mortgage the sum of six thousand six hundred and eighty-four dollars and forty-seven cents ($6,684.47), which sum was correctly stated in the notice of sale as the amount which would be due thereon on the day of sale. On July 25, 1924, Greene's attorney, Olgeirson, wrote the sheriff of Foster county as follows:

"I hand you herewith certificate, and if there are no other better bidders, will ask you to execute the certificate to the party therein named, being the assignee of the mortgage, in the sum therein stated, being the amount due on date of sale plus costs. The affidavit of publication will be in your hands before the time set for the sale (Aug. 2d), the paper of publication being the Independent of your city.

"Trusting you find this correct, and requesting you to forward me the certificate, and affidavit of publication with your bill, I am

"Yours very truly,

"G. Olgeirson."

The letter with the inclosed certificate was duly received by the sheriff of Foster county. On July 31st or August 1st, the sheriff found it necessary to go to the state of Minnesota, and he directed his deputy, one Walker, to conduct certain foreclosure sales, including the one involved here. According to the testimony of both the sheriff and Walker, the sheriff informed Walker that he (the sheriff) had received instructions from the plaintiff to bid the property in for the plaintiff for the full amount due on the mortgage and costs of sale, unless other and better bids were received. On the date of the sale the deputy was apparently unable to find the letter from plaintiff's attorney and pro-

ceeded to conduct the sale without having read the letter. The defendant Newberry appeared at the sale. The deputy sheriff proceeded to conduct the sale and to offer the entire one-half section tract as one piece and parcel. The defendant Newberry thereupon stated to the deputy that according to his (Newberry's) understanding of the law, the deputy would be required to offer the land for sale in 40-acre tracts. The deputy sheriff thereupon proceeded to conduct the sale in this manner, and the defendant Newberry bid one hundred dollars for each of the eight 40-acre tracts. There were no other bidders. After the sale had been so conducted they (Walker and Newberry) went to the register of deeds' office for the purpose of having a certificate of sale prepared. Certain papers from the sheriff's office were then brought in and among them was the letter from the plaintiff's attorney, Olgeirson, together with the certificate of sale inclosed therein. While there is some dispute in the testimony as to what was said at the time of the sale and as to whether Newberry was informed by the deputy sheriff that he (the deputy sheriff), had been directed by the sheriff to bid the land in for the plaintiff for the amount due on the mortgage and the costs of the sale, it is undisputed that at this time, in the register of deed's office, the deputy sheriff examined Olgeirson's letter and the certificate of sale and that they were also exhibited to the defendant Newberry who was furnished with a copy of Olgeirson's letter; and that thereupon the deputy sheriff stated that under the circumstances he would not execute a certificate of sale to Newberry. Upon the return of the sheriff some two days later, Newberry tendered the $800 to the sheriff which the sheriff accepted, and thereupon, at the direction of the sheriff, Walker executed and delivered a certificate of sale to Newberry.

On August 18, 1924, the defendant Collins purchased the certificate of sale from the defendant Newberry, paying him full value therefor, and the defendant Newberry executed and delivered to said Collins a written assignment of said certificate. On August 25, 1924, the plaintiff Greene brought this action in equity to set aside the certificate of sale issued to Newberry and to compel the sheriff to execute and deliver a certificate of sale to the plaintiff Greene. The trial court found that Newberry had acted in good faith; that there was no fraud on the part of Newberry and no collusion between him and the sheriff

or the deputy; that the sale made by the deputy sheriff Walker to Newberry was valid; and judgment was ordered in favor of the defendants for a dismissal of the action. The plaintiff has appealed and demands a trial anew in this court.

In our opinion the judgment is erroneous and must be reversed. Under the rule announced by this court in Bailey v. Hendrickson, 25 N. D. 501, 508, 143 N. W. 134, Ann. Cas. 1915C, 739, the letter from Olgeirson to the sheriff of Foster county constituted—"in legal effect, a written bid by defendant for a specified sum of the amount stated to be due in the notice of sale plus the costs of sale, and was a proper and customary method of making a bid in this state. It simply amounted to an instruction that the defendant bid that sum, and that it could be struck off to him if no one bid more. It in no manner intimated to him that anything should be done to prevent others bidding a greater sum."

Hence, at the time the deputy sheriff struck off and sold the eight 40-acre tracts to the defendant Newberry for the aggregate sum of eight hundred dollars there had in fact been offered, and was in legal effect being offered to him, a bid of $6,747.80. It will hardly be contended that if the deputy sheriff had made the sale to the defendant Newberry, en masse—that is, if he had accepted from Newberry the sum of $800 for the one-half section tract as one parcel that this sale could have been sustained as against another bid for more than eight times that amount.

The defendants, however, contend that it was the duty of the sheriff, or at least within his powers of discretion, to offer the land for sale in 40-acre tracts and that, having so offered it, it was his duty to accept the best bid received for any and all parcels so offered. In support of this contention defendant cites § 7747, Comp. Laws 1913, which provides: "All sales of property under execution must be made at public auction to the highest bidder. . . . After sufficient property has been sold to satisfy the execution no more can be sold. . . . When the sale is of real property consisting of several known lots or parcels they must be sold separately. The judgment debtor, if present at the sale, may also direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or par-

cels or of articles which can be sold to advantage separately, and the sheriff or other officer must follow such directions."

It will be noted that § 7747, supra, relates to sales upon execution, and not to sales had upon the foreclosure of a real estate mortgage by advertisement. Sales of the latter kind are (as regards the question under consideration here) controlled by § 8082, Comp. Laws 1913, which provides: "If the mortgaged premises consist of distinct farms, tracts or lots they must be sold separately, and no more farms, tracts or lots must be sold than shall be necessary to satisfy the amount due on such mortgage at the date of the sale and the costs and expenses allowed by law." There is no evidence in the case tending to show that the one-half section tract of land described in the mortgage consisted of more than one farm. The premises are described in the mortgage as one tract and, so far as can be gathered from the evidence, it was one farm at the time the mortgage was executed.

Certainly, each 40-acre tract contained in the half section did not constitute a "distinct farm," nor did it constitute a "distinct parcel or lot" within the purview of the statute. 3 Jones, Mortg. 7th ed. § 1857. The parties themselves considered the half section as constituting only one farm or tract. They so described it in the mortgage and they further specifically provided that in case of foreclosure the half section might be sold as a whole.

"The general rule is that lands may be sold as described in the mortgage. Where the property covered by a mortgage is separated into several distinct tracts or lots, either by natural boundaries, by the way in which it is platted or laid out, or by the fact that the parcels are not contiguous, it should not be put up for sale as a whole, but the separate parcels should be first offered singly. On the other hand, although the premises may be susceptible of division or actually divided, yet if they are used, occupied, or naturally constitute one farm or one lot, the property should be offered as a whole.  . . ." 41 C. J. p. 973, § 1421. See also 19 R. C. L. pp. 607, 608; 3 Jones, Mortg. 7th ed. §§ 1857, et seq.

It has been held that the parties to a mortgage may by a provision therein prescribe the order in which tracts of land described in the mortgage shall be sold in case of foreclosure and that such provision is binding, not only upon the parties to the mortgage, but upon sub-

sequent encumbrancers and purchasers. Mickle v. Maxfield, 42 Mich. 304, 3 N. W. 961. It has further been held that the parties to a mortgage may (notwithstanding a statutory provision that real property consisting of several known lots or parcels shall be sold separately) contract that the lands described in the mortgage shall be sold *en masse.* Bank of Sonoma County v. Charles, 86 Cal. 322, 24 Pac. 1019. See also Humboldt Sav. Bank v. McCleverty, 161 Cal. 285, 119 Pac. 82. And this court has held that the owner of the equity of redemption may waive the statutory right to have real property sold in separate parcels. Power v. Larabee, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789.

The object of requiring a separate sale of distinct farms or parcels covered by a mortgage is, as indicated by § 8082, supra, to require only enough of the mortgaged premises to be sold to pay the indebtedness secured by the mortgage and leave the remainder to the mortgagor discharged of the mortgage lien. The further object is to afford the debtor (or those claiming under him) an opportunity to redeem any of the separate farms or parcels sold. Power v. Larabee, supra. See also Michael v. Grady, 52 N. D. 740, 204 N. W. 182.

And where the person conducting the sale is vested with discretion as to whether the property shall be offered in parcels or sold *en masse,* such person may not act arbitrarily, but must exercise the discretion vested properly and so conduct the sale as to bring the best results to all parties interested. The mortgagee is entitled to have the sale conducted so, if possible, that his claim and costs will be paid in full and and the mortgagor and those claiming under him subsequent to the mortgage are entitled to have the officer conduct the sale in such a manner as to pay the just demands of the mortgagee without inflicting unnecessary loss upon the debtor or interfering with the rights of redemptioners. Power v. Larabee, supra; 19 R. C. L. pp. 607, 608; 1 Wiltsie, Mortg. Foreclosures, 3d ed. § 573; 3 Jones, Mortg. 7th ed. § 1859; 41 C. J. p. 973. In other words, it is the duty of the person conducting the sale to so conduct it as to obtain the most money; or so as to pay the full amount of the claim, for the enforcement of which the foreclosure sale is held, together with costs and leave as large a quantity of land as possible discharged of the lien of the mortgage. In this case the officer conducted the sale in such a manner as to obtain not the best but the worst results so far as both mortgagor and mort-

gagee are concerned. As has already been noted, the mortgagor had made a gift of the land covered by the mortgage to two different parties subject, of course, to the mortgage. There was a bid on the part of the plaintiff for the entire tract for the full amount of his claim including the costs of sale. If the tract had been offered as a whole, and the bid of the plaintiff or a better bid accepted, the result would have been that plaintiff's claim would have been paid in full and the obligation of the mortgagor to the plaintiff would have been fully discharged. If the sale to Newberry is sustained the result is that plaintiff's claim will not be paid in full, but there will remain a deficit of $5,947.80 with interest; and the mortgagor, instead of being discharged of his obligation to the plaintiff, will still remain indebted to him in a like sum. So, even though the officer conducting the sale had been vested with discretion, it seems clear that in this case there was no proper exercise of such discretion.

Under the terms of the mortgage the mortgagee, or his assignee, was authorized to direct the mode of sale. He was authorized to sell the land in one piece or in parcels. He made no request that it be sold in parcels. Whether in view of the provision in the mortgage, the mortgagor or someone claiming under him had any right to request that the premises be divided upon the sale, we need not determine no such request was made. The plaintiff had a right to have the land sold in one tract or at least in such parcels as would bring the best price to the end that, if possible, his entire claim might be paid. If there had been a bid on the part of someone of the full amount of the mortgage debt and costs for some designated parcel less than the whole half-section tract, the plaintiff would have sustained no injury. But that is not the situation here. The situation here is that the sheriff ignored, or in effect rejected, a bid for $6,747.80, a bid sufficient to pay plaintiff's claim in full together with costs,—and accepted instead eight bids for eight different 40-acre tracts, aggregating in all the sum of $800.

We are entirely satisfied that under the facts in this case there was no obligation on the part of the plaintiff to cause the land to be sold otherwise than as one tract. And we are further satisfied that the plaintiff was justified in assuming that the land would be so offered for

sale and that, in the absence of any other bid for an amount in excess of the bid submitted by him, his bid would be accepted. Certainly, plaintiff had no reason to believe that the sheriff would offer the land for sale and sell it in parcels unless by such mode bids were received in amounts sufficient to satisfy plaintiff's claim in full. We are further satisfied that there was absolutely no basis for the sheriff's offering the premises for sale in subdivisions of 40-acres each. The statute does not require land sold upon mortgage foreclosure sale to be offered in 40-acre tracts any more than it requires such land to be offered in one-acre tracts. The plain language of the statute is that if "the mortgaged premises consist of *distinct farms, tracts or lots* they must be sold separately." It follows by necessary implication that, where the premises do not consist of distinct farms, parcels or lots, they need not be divided. 2 Wiltsie, Mortg. Foreclosures, 3d ed. § 940.

There is some contention on the part of the defendant that the fact that the land described in the mortgage was subsequently divided and conveyed to two different parties, each one receiving a quarter section, has some bearing on how the land should be sold. There is nothing to show that the plaintiff had any knowledge of these conveyances and it is undisputed that neither of the owners of the separate tracts appeared at the sale or that they made any requests that the land be sold in parcels. Furthermore, the land was not offered for sale in 160-acre tracts. It was offered in 40-acre tracts. But, in any event, the subsequent division of the land did not affect the right of the plaintiff to have the land sold as one parcel. The subsequent purchasers acquired the respective tracts of land subject to the provisions of the mortgage. Mickle v. Maxfield, 42 Mich. 304, 3 N. W. 961; 1 Wiltsie, Mortg. Foreclosures, 3d ed. § 577.

It is contended by the defendants that, even though under the terms of the mortgage the sheriff might, and in fact should, have offered the premises for sale in one tract, the sale in 40-acre subdivisions is an irregularity merely, and that the plaintiff cannot complain unless he is shown to have sustained actual injury. And it seems to be further contended that he is not shown to have sustained any injury unless he shows that the mortgagors are insolvent. In our opinion the latter contention is unsound. The primary purpose of the foreclosure of the

mortgage was to collect the indebtedness secured thereby. The plaintiff had a right to have the sale conducted conformably to law and when it is shown that a sale so conducted would have resulted in the payment of his claim, but that a sale conducted contrary to law resulted in collection of less than twelve per cent of his claim, it seems obvious that he has sustained injury. In this case we have more than a mere irregularity in the conduct of the sale arising by reason of the premises having been offered for sale in tracts in an order different from that in which the mortgage or the statute provided that they should be offered. If in this case the sale had resulted in obtaining a sum equal to or greater than that which would have been obtained if the premises had been sold as an entirety, a different situation would have been presented. In that case it might well have been argued that plaintiff had not been injured. But that is not the situation in this case. The situation here is that the plaintiff, in a manner authorized by law, submitted a bid for the full amount due upon his mortgage and costs of sale; that is, an amount which would have paid the debt in full together with all costs in the proceeding, and this offer was ignored and the bids of a stranger—that is, bids of one who so far as the record shows had no interest in the premises whatever, either as an owner or encumbrancer—for less than 12 per cent of that amount were accepted. To say that the plaintiff in these circumstances has sustained no injury and that he should be required to resort to a personal action for the deficiency against the mortgagor, is, in our opinion, wholly untenable.

It does not follow, however, that plaintiff's bid must be deemed accepted and the sheriff now compelled to accept it. The fact is that the sheriff did not accept the plaintiff's bid. This being so, the sheriff cannot now be compelled to accept the bid and issue a certificate of sale to the plaintiff. Howland v. Bailey, ante, 125, 212 N. W. 770. In our opinion the result of the proceedings had was that no sale as contemplated by law was made. The sheriff in violation of his duty rejected a bid for $6,747.80 and accepted bids aggregating $800. In other words, he did not conduct the sale as provided by law or accept the best bid for the property. Hence, the sale was invalid and the certificate issued to Newberry and by him assigned to the defendant Collins should be canceled. Plaintiff may, of course, proceed to foreclose his mort-

gage anew in such a manner as he sees fit. The judgment appealed from must be, and it is, reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

BIRDZELL, Ch. J., and NUESSLE, BURKE and BURR, JJ., concur.