JOSEPH KLOTZ v. OTTO JEDDELOH AND OTHERS.
DANIEL BROWN v. ANTHONY AMBERG AND OTHERS.
WILLIAM H. VOGELSANG v. FEDERAL LAND BANK OF ST. PAUL AND OTHERS.[1]

December 3, 1937.

Nos. 31,552, 31,553, 31,554.

[1]Reported in 276 N. W. 244.

*Moonan & Moonan* and *H. H. Sturner,* for appellants.

*Freeman & King,* for respondent Union Central Life Insurance Company.

*John Thorpe, Michael A. Schmitt, Robert J. Barry,* and *Charles E. Houston,* for respondent Federal Land Bank of St. Paul.

STONE, JUSTICE.

Three actions to determine adverse claims to real estate resulted in judgments for the defendants. In each case the plaintiff has appealed from the judgment, and the appeals have been consolidated here.

In each case the defendant's title came through the foreclosure by advertisement of a mortgage wherein it was the mortgagee. Each mortgagee was the purchaser at the sale and got the usual statutory sheriff's certificate. (2 Mason Minn. St. 1927, § 9613.) The sales were all valid unless invalidated upon the ground now assigned by plaintiffs. Their one point is that because the mortgagee's attorney, conducting the foreclosure, was not himself present at the sale and did not himself submit the bid for the mortgagee, but instead had it made, for the mortgagee, by one of the printers who had published the notice, the sale is void. That presents all the facts needed, both to explain and justify our decision, which is that the sales were all valid. The argument for plaintiffs is a synthesis of three propositions which we consider and negative in their order.

The claim that each sale was void because the mortgagee was not present at and during the same, in person or by its attorney

appointed to conduct the foreclosure by the power required by statute (§ 9606), is unsound. Each of the involved mortgages had the conventional power of sale. Foreclosure by advertisement is a statutory proceeding. (2 Mason Minn. St. 1927, §§ 9602-9633.) Of course, all through there must be compliance with the statute. But the law not only authorizes selection of an attorney at law to conduct the proceeding for the mortgagee (§ 9606), but also empowers the mortgagee to purchase at the sale (§ 9612). Moreover, the sale must be made by the sheriff (§ 9607), who, in his capacity as auctioneer, "is not the agent of either of the parties in making the sale, but the agent of the law to secure a fair sale." Simonton v. Connecticut Mut. L. Ins. Co. 90 Minn. 24, 30, 95 N. W. 451, 452.

Formerly there was much adherence to the concept of the mortgagee as trustee of the mortgagor in respect of the conduct of the sale. Wilson v. Bell, 17 Minn. 40 (61); Webb v. Lewis, 45 Minn. 285, 47 N. W. 803. Now, however, by reason of statute, the conduct of the sale, as distinguished from that of the whole foreclosure proceeding, having been taken out of the hands of the mortgagee and imposed upon the sheriff in his official capacity, there is no reason (see Bailey v. Hendrickson, 25 N. D. 500, 143 N. W. 134, Ann. Cas. 1915C, 739; Greene v. Newberry, 55 N. D. 783, 215 N. W. 273) for requiring the presence at the sale of the mortgagee. It is his power, and his alone, to direct that the sale be made pursuant to his notice and the statute. He has, however, ceased to be the auctioneer, and there is no other purpose for which his presence at all sales should be required mandatorily. There is no suggestion here that any mortgagee, as against some sin of either omission or commission, is attempting merely to "shelter himself behind a mere literal compliance with" his power of sale or the statute, within the rule of Cambridge Sav. Bank v. Cronin, 289 Mass. 379, 382, 194 N. E. 289, 290. Nor is it a case where a mortgagor has been prejudiced by the failure of the mortgagee or sheriff to "exercise reasonable diligence to protect the interests" of the mortgagor. Chartrand v. Newton Trust Co. (Mass.), 5 N. E. (2d) 421, 423.

■ The next claim for plaintiffs is that the delegation to another by the attorney having the power to foreclose of the bid-making

function was an unlawful, and therefore ineffectual, delegation of his agency. The rule against redelegation by an agent of the power delegated to him by his principal applies only in "cases of delegated authority where personal trust or confidence is reposed in the agent and especially where the exercise and application of the power is made subject to his judgment or discretion." 2 Am. Jur., Agency, § 196; Restatement, Agency, § 78; 2 C. J. S., Agency, § 136. Ordinarily where, as here, the mortgagee bids at a foreclosure sale, he authorizes but one bid and fixes the amount, which is usually, but not always, the sum of the mortgage debt with interest plus the cost of the foreclosure and sale. There is then nothing left to the judgment or discretion of the attorney. So without considering the right of the mortgagor to raise that question in a case where, such as these, the mortgagee appears to have ratified his attorney's subletting of the bidding function (compare Blake v. McKusick, 8 Minn. 298 [338]), we hold that the submission of a bid for the mortgagee is a ministerial function and therefore one which could be properly delegated to another by the attorney.

The argument for plaintiffs on this point ignores the dual status of a mortgagee where he himself is a bidder. On the one hand, the sale is conducted pursuant to power of sale by his direction. He institutes the proceeding. But on the other hand, at the sale, insofar as he is a bidder or purchaser, he is not the seller but the proposed or real buyer. What, in such a situation, a seller may or may not do is ordinarily of no moment in considering what the buyer may or may not do. In any event, this particular question is solved adversely to plaintiffs by our holding that the making of the bid was a mere ministerial act susceptible of delegation by the attorney.

The question is precisely the same as though a third party were the purchaser. Assuming that such an outsider had authorized an agent to make for him a stated bid, the submission of the bid to the auctioneer would be held a ministerial act which could properly be delegated by the agent to a subordinate.

■ The remaining point for plaintiffs is that the submission of the mortgagees' bids was in essence the practice of law, and so not legally delegable to one not an attorney. See In re Otterness, 181

Minn. 254, 232 N. W. 318, 73 A. L. R. 1319; Fitchette v. Taylor, 191 Minn. 582, 254 N. W. 910, 94 A. L. R. 356. We refuse so to hold. Bidding at auctions (as distinguished from conduct of a mortgage foreclosure, see In re Otterness, *supra*) is not the practice of law even when the sales are conducted in legal proceedings. That is the sort of thing of which the profession can claim no monopoly.

For the reasons stated, 3 Mason Minn. St. 1936 Supp. § 5687-1, making it a misdemeanor for one not properly admitted to practice law, and § 9647, requiring a refund of the attorney's fee to the mortgagor, where the same has been charged but no attorney has been employed to conduct the proceeding, are not applicable.

Judgments affirmed.

Mr. Chief Justice Gallagher took no part in the consideration or decision of this case.

